NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SEP 12 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ARIELLA WALKER,

Plaintiff-Appellant,

v.

NATIONAL TECHNOLOGY &
ENGINEERING SOLUTIONS OF
SANDIA, LLC,

Defendant-Appellee.

No. 23-16159

D.C. No. 3:21-cv-09037-WHA

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
William H. Alsup, District Judge, Presiding

Submitted September 10, 2024[**]
San Francisco, California

Before: BYBEE, BEA, and MENDOZA, Circuit Judges.

Plaintiff-Appellant Ariella Walker appeals the district court's order granting

summary judgment in favor of Defendant-Appellee National Technology and

Engineering Solutions of Sandia, LLC ("Sandia") on Walker's cause of action for

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

failure to accommodate her disability and related state-law employment claims under the Fair Employment and Housing Act, California Government Code §§ 12940 et seq. ("FEHA"). We have appellate jurisdiction pursuant to 28 U.S.C. § 1291.

We review de novo a district court's decision on a motion for summary judgment, *Branch Banking & Tr. Co. v. D.M.S.I., LLC*, 871 F.3d 751, 759 (9th Cir. 2017), and we review for clear error the district court's underlying factual determinations, *Pyramid Techs., Inc. v. Hartford Cas. Ins. Co.*, 752 F.3d 807, 813 (9th Cir. 2014). Because the parties are familiar with the facts, we recount them here only as necessary to provide context for our decision. For the reasons below, we affirm.

1. The district court correctly granted summary judgment for Sandia on Walker's claim for failure to accommodate her fibromyalgia disability. "The elements of a failure to accommodate claim are (1) the plaintiff has a disability under the FEHA, (2) the plaintiff is qualified to perform the essential functions of the position held or desired, and (3) the employer failed to reasonably accommodate the plaintiff's disability." *Kaur v. Foster Poultry Farms LLC*, 83 Cal. App. 5th 320, 346 (2022) (cleaned up). An employer cannot prevail at summary judgment on a claim for failure to accommodate under the FEHA "unless it establishes through undisputed facts that [a] reasonable accommodation was offered and refused." *Jensen v. Wells Fargo Bank*, 85 Cal. App. 4th 245, 263 (2000).

2

The parties agree that FEHA covers Walker's fibromyalgia disability.[1] The record reflects that there is no genuine dispute of material fact that Sandia reasonably accommodated Walker's disability. Based on undisputed facts, the district court found that Sandia granted all of Walker's requests for time off and medical leave due to her fibromyalgia. It was also undisputed that Sandia offered Walker the accommodation of reassignment to non-classified tasks that could be performed from home, and that Walker refused this reassignment. Because those facts were undisputed, summary judgment for Sandia was proper on Walker's claim for failure to accommodate her disability. *See Watkins v. Ameripride Servs.*, 375 F.3d 821, 829 (9th Cir. 2004). Walker's two requests that Sandia denied—to be escorted into Sandia's sensitive compartmentalized information facility ("SCIF") and to be allowed to work on classified material from her home—were unreasonable as a matter of law because they would violate national security protocols, as the district court correctly concluded. And Sandia was "not required to choose the best accommodation or the specific accommodation" Walker requested. *Wilson v. Cnty.*

---

[1] Sandia argues that Walker was not qualified to perform her essential functions because she lacked an SCI security clearance. This argument is misplaced. Sandia is focused on the position for which Walker was initially hired rather than the modified duties she temporarily held while awaiting an upgrade in her security clearance. Sandia does not dispute that Walker was qualified to perform the essential functions of the position she actually occupied, which is the relevant consideration.

*of Orange*, 169 Cal. App. 4th 1185, 1194 (2009).[2]

2. The district court also correctly granted summary judgment for Sandia on Walker's claim for wrongful termination and constructive discharge. To prevail on a claim for constructive discharge under California law, Walker must prove that she resigned from Sandia due to "intolerable or aggravated" working conditions intentionally caused or knowingly permitted by Sandia, such that a reasonable person in her position would be compelled to resign. *King v. AC & R Advert.*, 65 F.3d 764, 767 (9th Cir. 1995) (citing *Turner v. Anheuser-Busch, Inc.*, 876 P.2d 1022, 1029 (Cal. 1994)). Again based on undisputed facts, the district court was correct to grant summary judgment to Walker because she did not put forth any evidence from which a reasonable jury could find the kind of "extraordinary and egregious" working conditions that a constructive discharge claim requires based on *King* and *Turner*, both of which bind us here. Walker's claim that her disability rendered her unable to tolerate working at Sandia any further, standing alone, does not clear the generally high bar for a constructive discharge claim.

3. Lastly, the district court correctly granted summary judgment for Sandia on

---

[2] Because the undisputed evidence establishes that Sandia reasonably accommodated Walker's disability, her claim that Sandia failed to engage in the FEHA's required "interactive process" to accommodate her disability also fails. *Watkins*, 375 F.3d at 829 n.5; *accord Hanson v. Lucky Stores, Inc.*, 74 Cal. App. 4th 215, 229 (1999).

Walker's claim that Sandia discriminated against her based on her sexual orientation. To prove her claim for sexual-orientation discrimination, Walker must show that Sandia took adverse employment action against her based on her sexual orientation, and, critically, she "must establish a causal nexus between the adverse employment action and" her sexual orientation. *See Martin v. Bd. of Trs. Of Cal. State Univ.*, 97 Cal. App. 5th 149, 161–62 (2023). The only "adverse employment action" that Walker points to is Sandia's denial of two of her requests for accommodation described above (to enter the SCIF and to work on classified material from home). Walker did not present any evidence to support an inference that Sandia denied those requests because of her sexual orientation, as the district court correctly concluded. And even if she could do so, the burden would shift to Sandia to "put[] forth a legitimate basis for the adverse employment action," at which point "the burden of production shifts to [Walker] to present evidence creating a triable issue of fact showing [Sandia's] stated reason was pretextual." *Id.* at 162. Sandia has put forward a legitimate justification for denying Walker's requests, namely, that national security restrictions precluded Sandia from agreeing to them. Walker has presented no evidence that Sandia's legitimate justification was pretextual, and summary judgment for Sandia was therefore proper.

**AFFIRMED.**